# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made by and between LORI SERBONICH ("**SERBONICH**" or "Plaintiff"), and PACIFICA FORT MYERS, LLC, ("**PACIFICA**") and EXTENDED CARE PORTFOLIO, LLC ("**Extended Care**").

## RECITALS

**WHEREAS**, on September 26, 2017, SERBONICH filed suit against PACIFICA and EXTENDED CARE in Federal Court for the Middle District of Florida (Case Number 2:17-cv-00528-FtM-29MRM) alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA");

**WHEREAS**, SERBONICH and PACIFICA and EXTENDED CARE have reached a final settlement; and now mutually desire to settle SERBONICH'S claims under the FLSA as well as extinguish all claims between them, subject to court approval, pursuant to this written Settlement Agreement;

**NOW, THEREFORE**, in consideration of the mutual promises set forth in this Agreement, SERBONICH and PACIFICA and EXTENDED CARE agree as follows:

1. **MONETARY CONSIDERATION:** PACIFICA and EXTENDED CARE shall pay the gross settlement sum of Fifty-Eight Thousand Dollars **($58,000)**, which gross sum shall be paid and allocated as follows:

   a. **FLSA Overtime Claim:** Twenty-Six Thousand Dollars **($26,000)** shall be allocated for settlement of SERBONICH'S FLSA overtime claim including liquidated damages;

   b. **Attorney's Fees and Costs:** Thirty-Two Thousand Dollars **($32,000)** shall be allocated as attorney's fees and costs for Plaintiff's counsel, "Bober & Bober, P.A.".

2. **TIMING OF PAYMENTS / DISTRIBUTION:** The above gross sum shall be tendered in two separate checks, as follows:

   a. **Check One:** Twenty-Six Thousand Dollars **($26,000)**, made payable to **"Lori Serbonich,"** in consideration of alleged overtime wages and liquidated damages.

   b. **Check Two:** Thirty-Two Thousand Dollars **($32,000)**, made payable to **"Bober & Bober, P.A"** in consideration of attorneys' fees and costs.

Both checks shall be tendered to Plaintiff's counsel, Samara Bober, Esq., such that they are **received within seven (7) calendar days of entry of the Court's order approving the Settlement Agreement.** Time is of the essence. The above payments shall be tendered by delivery to: **Bober & Bober, P.A., 1930 Tyler Street, Hollywood, Florida 33020**. Plaintiff's counsel shall withhold any disbursement of funds until the court has approved this

Page 1 of 6

Settlement Agreement.

3. **TAXATION:** The payments described above shall be tendered in full, with no withholdings. Pursuant to the terms of this Settlement Agreement, PACIFICA and EXTENDED CARE shall issue two separate IRS 1099 Forms, one to Plaintiff representing all sums to be paid to SERBONICH, and one to Plaintiff's counsel, separately, representing all sums paid to Plaintiff's counsel. Plaintiff accepts sole responsibility for the reporting and payment of her own taxes under this Agreement, and should any taxes be found to be owed related to the settlement payments, SERBONICH shall be responsible for any employee taxes and PACIFICA and EXTENDED CARE shall be responsible to any employer taxes.

4. **COURT APPROVAL AND DISMISSAL OF ACTION:** Pursuant to the court's FLSA Scheduling Order and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties authorize their respective attorneys to give notice to the court and to effectuate the dismissal with prejudice of the civil case, including a Motion to Approve Settlement Agreement. The parties authorize their counsel to take any necessary action to effectuate approval of the Settlement Agreement and, to the extent necessary, to engage in good faith to modify or eliminate any terms which the court requires or declines to approve. If required by the court, the parties agree to cooperate and to modify any provisions of this Settlement Agreement and to promptly re-sign a revised Settlement Agreement. If the general release provisions are not approved by the Court, the Parties agree that their inclusion was not a condition of settlement, and the settlement will still be valid if the Court declines to approve those terms and allows for only a release of the Plaintiff's FLSA wage claims.

5. **NO ADMISSION OF LIABILITY:** PACIFICA and EXTENDED CARE have made this payment for business reasons and they deny any liability associated with Plaintiff's claims.

6. **MUTUAL GENERAL RELEASES:**
    a. **Release by Plaintiff SERBONICH:** Plaintiff, LORI SERBONICH, agrees to hereby release, waive, satisfy, and forever discharge Defendants, PACIFICA FORT MYERS, LLC, and EXTENDED CARE PORTFOLIO, LLC, and its owners, agents, employees, officers, shareholders, insurers, and related companies from any and all claims, demands, actions, causes of action, suits or damages of any kind, that Plaintiff now has or has had, known or unknown, since the beginning of time until the date of this Agreement. This Release includes, but is not limited to, all wage-related claims or claims for compensation, including all claims asserted by SERBONICH in Federal Court for the Middle District of Florida (Case Number 2:17-cv-00528-FtM-29MRM) alleging violation of the Fair Labor Standards Act ("FLSA").

    i. The claims subject to this release include but are not limited to: any claims of harassment, discrimination, and/or retaliation on the basis of sex, race, color, ethnicity, religion, national origin, pregnancy, disability, marital status or other protected class or activity under Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000 et seq.), the Civil Rights Act of 1866 and 42 U.S.C.A. § 1981, the Americans With Disabilities Act as amended (42 U.S.C. § 12101 et seq.), the Florida Civil Rights Act of 1992, Florida's Private Sector Whistleblower Act (§ 448.101, et. seq. Florida Statutes), and any other applicable local, state or federal law or constitutional provision; for violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), Section 24 of Article X of Florida's Constitution and the Florida Minimum Wage Act (§ 448.110, Florida Statutes), the Family and Medical Leave Act (29 U.S.C.A. § 2611 et seq.), the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), and the Employee Retirement Income Security Act of 1974 as amended (29 U.S.C.A. § 1.001 et seq.); all claims based in contract or tort law, including but not limited to claims for breach of contract, wrongful termination, assault, battery, infliction of emotional distress, libel, slander, invasion of privacy, fraud, breach of fiduciary duty, negligence, etc.; and any other claims based on local, state or federal law. The claims subject to this release specifically include all claims that were or could have been asserted by SERBONICH in the Lawsuit. Provided, however, that this release shall not excuse PACIFICA and EXTENDED CARE from performing its obligations under this Agreement, nor shall this release apply to any claim that cannot lawfully be released by private agreement. Furthermore, nothing in this Agreement shall be construed to prohibit SERBONICH from filing a charge with or participating in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission or a comparable state or local agency, although SERBONICH agrees to waive her right to recover monetary damages in any charge, complaint, or lawsuit filed by her or by anyone else on her behalf. SERBONICH expressly represents and warrants that except for the Lawsuit, no claim subject to this release, or administrative agency action regarding any matters which would form a claim subject to this release, have been commenced as of the date she signs this Agreement. This is a General Release of all claims.

b. **Release by Defendants PACIFICA FORT MYERS, LLC, and EXTENDED CARE PORTFOLIO, LLC:** Defendants, PACIFICA FORT MYERS, LLC, and EXTENDED CARE PORTFOLIO, LLC agree to hereby release, waive, satisfy, and forever discharge Plaintiff, SERBONICH from any and all claims, demands, actions, causes of action, suits or damages of any kind, that Defendants now has or has had, known or unknown, since the beginning of time until the date of this Agreement. This is a General Release of all claims

7. **NEUTRAL REFERENCE:** PACIFICA and EXTENDED CARE agree to provide SERBONICH a neutral reference on company letterhead confirming dates or employment and positions held. Should a prospective employer inquire as to additional information, including eligibility for rehire, PACIFICA and EXTENDED CARE shall state that it is the policy of the company to confirm only positions held and dates of employment.

8. **ENFORCEMENT / ATTORNEYS' FEES:** In the event that either party is required to enforce this Agreement, the prevailing party shall be entitled to costs and reasonable attorney's fees. The Parties shall request in their Joint Motion to Approve the Settlement that the Court retain jurisdiction to enforce the Agreement.

9. **NO FUTURE EMPLOYMENT:** SERBONICH shall not seek employment or reemployment with PACIFICA FORT MYERS, LLC, and EXTENDED CARE PORTFOLIO, LLC or any of its affiliates (including entities affiliated by common ownership or control), and any application for employment which she makes may be rejected lawfully pursuant to the terms of this Agreement.

10. **ENTIRE AGREEMENT:** This Agreement contains the entire agreement and understanding between the parties with respect to the subject matter discussed herein.

11. **SEVERABILITY:** If any provision of this Agreement is held invalid, such invalidation shall not affect other provisions of this Agreement; to this end, the provisions of this Agreement shall be severable.

12. **MODIFICATION:** This Agreement may only be modified by a subsequent writing signed by the parties, or to comply with any court-imposed conditions required for approval of the Agreement, as detailed in paragraph 4, above.

13. **KNOWING AND VOLUNTARY:** SERBONICH acknowledges that she has been represented by counsel throughout this case and that she has been thoroughly advised regarding all her rights. SERBONICH signs this Agreement knowingly and voluntarily with a full understanding of its terms and her rights. Plaintiff SERBONICH is specifically aware of, and

12. **MODIFICATION:** This Agreement may only be modified by a subsequent writing signed by the parties, or to comply with any court-imposed conditions required for approval of the Agreement, as detailed in paragraph 4, above.

13. **KNOWING AND VOLUNTARY:** SERBONICH acknowledges that she has been represented by counsel throughout this case and that she has been thoroughly advised regarding all her rights. SERBONICH signs this Agreement knowingly and voluntarily with a full understanding of its terms and her rights. Plaintiff SERBONICH is specifically aware of, and agrees to, the allocation of the settlement funds herein, including the payment of attorney's fees and costs. SERBONICH acknowledges that the amount of attorneys' fees and costs is reasonable and was agreed-upon separately and without regard to the amount paid to Plaintiff. SERBONICH understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees arising out of this action.

14. **EXECUTION/ORIGINALS NOT REQUIRED:** This Agreement may be signed in counterparts. A signed copy of this Agreement, if transmitted by email or fax, shall be effective and binding as if it were an original.

**THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS AS OF THE DATE BELOW.**

**LORI SERBONICH ("SERBONICH")**

X _[signature]_

Date: 5-22-18

**PACIFICA FORT MYERS, LLC ("PACIFICA")**

X _____

Name: Deepak Israni

Its: Manager

Date: 5/22/18

**EXTENDED CARE PORTFOLIO FLORIDA, LLC ("EXTENDED CARE")**

X _____

Name: Deepak Israni

Its: Manager

Date: 5/22/18