UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORI SERBONICH,

    Plaintiff,

v.                                                         Case No:   2:17-cv-528-FtM-29MRM

PACIFICA FORT MYERS, LLC and
EXTENDED CARE PORTFOLIO
FLORIDA LLC,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Joint Motion for Approval of Settlement (Doc. 39) and Settlement Agreement (Doc. 39-1) filed on May 24, 2018. Plaintiff and Defendants jointly request that the Court approve the parties' settlement of their Fair Labor Standards Act ("FLSA") issues.

**I.    Legal Standards**

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id*. When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id*. at

1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## II. Discussion

### A. Settlement Sum

In this case, Plaintiff alleges that Defendants failed to compensate her properly for overtime work. (Doc. 39 at 3). Defendants denied liability and disputed that Plaintiff worked in excess of 40 hours in a workweek and further disputed Plaintiff's estimations of damages. (*Id.*). The parties also disputed whether Defendants had actual or constructive knowledge of Plaintiff's alleged overtime hours worked outside of the facility and during meal periods. (*Id.*). Finally, the parties disputed whether liquidated damages were warranted. (*Id.*). Based on these contentions, the Undersigned finds that a *bona fide* dispute exists between the parties.

Even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter to avoid the uncertainties and expense of litigation. (*Id.*). Indeed, the parties state that "[t]his case would have been expensive to litigate given the disputed issues and amount of electronic discovery." (*Id.*). The parties believe that their settlement is a fair and reasonable compromise of the disputed claim. (*Id.*).

Plaintiff agreed to a settlement of $26,000.00 to resolve her unpaid overtime wages claims. (Doc. 39 at 3; Doc. 39-1 at 1). This total includes damages for unpaid wages and liquidated damages. (*Id.*). The Undersigned has reviewed the Settlement Agreement (Doc. 39-1) and finds that the terms of the Settlement Agreement are reasonable as to the amount for unpaid overtime wages and liquidated damages.

### B. Attorneys' Fees

The Joint Motion and Settlement Agreement both indicate that Defendants agree to pay a total of $32,000.00 for attorneys' fees and costs. (Doc. 39 at 4; Doc. 39-1 at 1). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorneys' fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff. (Doc. 39 at 4). Because attorneys' fees and costs were determined separately and apart from Plaintiff's recovery, the Undersigned finds that the

3

settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff.

C.      **Mutual General Release and Neutral Reference Clauses**

In the instant case, a settlement was reached, the full terms were adequately disclosed, and the amount of attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs. Moreover, the Settlement Agreement (Doc. 39-1) appears reasonable on its face. Yet the Settlement Agreement contains "Mutual General Release" and "Neutral Reference" clauses, which are problematic. (Doc. 39-1 at 3-5).

A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and thus require a separate fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

For instance, "[c]ourts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)).

Additionally, this Court has previously noted that "provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint.*

*Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (citing *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010), which held that FLSA settlement agreements including non-disparagement provisions "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment").

As to general releases, some jurists have noted that "[t]he reciprocal, general release is incontestably a staple of accepted and common litigation practice." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010). Nevertheless, this Court has also noted that FLSA actions are different. *Id.* "Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions. As commanded in *Lynn's Food*, settlement of an FLSA action requires review and approval by the district court or the Department of Labor." *Id.* Under *Lynn's Food*, the Court must review the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).

In reviewing general releases for fairness, however, this Court has previously stated that the valuation of foregone claims is a "fundamental impediment" to a fairness determination. *Shearer*, 2015 WL 2402450, at *3. Specifically, the Court has noted it typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted). Furthermore, even if there is a mutuality of a general release, this does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

Additionally, this Court has noted that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, the Court has noted that "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* In fact, the Court has previously stated that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

For example, in *Buntin v. Square Foot Management Company, LLC*, this Court specifically approved mutual general release and neutral reference clauses in an FLSA settlement agreement, finding that the plaintiff received independent consideration apart from that owed to him under the FLSA. 2015 WL 3407866, at *3. Specifically, the Court found that the general release by the defendant together with a specific neutral reference constituted independent consideration. *See id.* As a result, the Court permitted the mutual general release. *Id.*

Here, the parties' briefing specifically addresses the "Mutual General Releases" and "Neutral Reference" clauses. (Doc. 39 at 5). Indeed, while acknowledging that mutual general releases are disfavored, the parties nevertheless request that the Court approve the mutual general

6

release and neutral reference clauses here because "[t]his case involves an employment dispute between the parties and the general releases will give both parties certainty that all legal claims between the parties have been mutually extinguished." (*Id.*). Moreover, the parties expressly stated in the Settlement Agreement that the general release was not a condition of their FLSA settlement. (Doc. 39-1 at 3). Specifically, the parties stated that "[i]f the general release provisions are not approved by the Court, the Parties agree that their inclusion was not a condition of settlement, and the settlement will still be valid if the Court declines to approve those terms and allows for only a release of the Plaintiff's FLSA wage claims." (*Id.*).

After review of the parties' briefing, much like *Buntin*, the Undersigned is convinced that the inclusion of "Mutual General Releases" and "Neutral Reference" clauses in the Settlement Agreement is fair and reasonable under the circumstances presented here. *See* 2015 WL 3407866, at *3. Indeed, the present action appears to be similar to *Buntin*. There, the Court found that a mutual general release was permissible because the general release by the defendant together with a specific neutral reference constituted independent consideration apart from that owed to the plaintiff under the FLSA. 2015 WL 3407866, at *3. Here, as in *Buntin*, the parties agreed to a mutual general release together with a specific neutral reference by Defendants. (*See* Doc. 39-1 at 3-5). Much like *Buntin*, therefore, the Undersigned finds that the mutual general release together with a neutral reference by Defendants constitutes independent consideration for Plaintiff apart from that owed to Plaintiff under the FLSA. *See id.*

Further bolstering this conclusion is the parties' briefing showing that (1) the clauses were specifically bargained for between the parties and (2) the mutual general release was not a condition of their FLSA settlement. (Doc. 39-1 at 3). These facts support a conclusion that the mutual general release and neutral reference clauses were negotiated independently from the

FLSA claims. This finding, in turn, supports a conclusion that the inclusion of the clauses has not impacted Plaintiff's recovery on the FLSA claims. In sum, the Undersigned finds that the inclusion of "Mutual General Releases" and "Neutral Reference" clauses in the Settlement Agreement has not impacted Plaintiff's recovery on the FLSA claims. *See Buntin*, 2015 WL 3407866, at *3. As in *Buntin*, therefore, the Undersigned recommends that the "Mutual General Releases" and "Neutral Reference" be permitted. *See id.*

### D. Retention of Jurisdiction

As a final matter, the parties specifically request that the Court retain jurisdiction of this action. The Court disfavors retaining jurisdiction to enforce settlement agreements. As a result, the Undersigned recommends that the parties' Motion be denied to the extent that the parties request that the Court retain jurisdiction of this action.

### CONCLUSION

In sum, the Undersigned recommends that the Settlement Agreement be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues as set forth above.

Accordingly, the Undersigned hereby **RESPECTFULLY RECOMMENDS**:

1) That the Joint Motion for Approval of Settlement (Doc. 39) be **GRANTED IN PART** and **DENIED IN PART**.

2) That the Settlement Agreement (Doc. 39-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues but that the Court decline to retain jurisdiction of this action.

3) That if the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on May 29, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties